

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable B. T. Walters
County Auditor, Smith County
Tyler, Texas

Dear Sir:

Opinion No. O-5725
Re:  Whether in ordinary civil suits
     where citation is by publication,
     the sheriff may place the publica-
     tion with a newspaper of his choice,
     or do the attorneys in such cases
     have the right to make the selection
     of the newspaper publishing the ci-
     tation.

Your letter of November 20, 1943, requesting the opinion
of this department on the questions stated therein, reads, in
part, as follows:

"In an ordinary civil suit, and not a tax
suit, where citation is by publication, is it
within the province of the Sheriff, and his duty
to place the publication with a newspaper of his
choice where there are several newspapers pub-
lished in the County, or do the attorneys in the
case have the right to select the newspaper in
which the citation may be published?

"The facts under which the controversy has
arisen are that some of the newspapers have a
flat rate on all publications, which is a cheaper
rate than others, and of course the other news-
papers are constantly after the Sheriff for their
proportionate share of these publications, and
you may well imagine that the litigants are in-
terested in the cheapest rate in order to hold
the cost down.  Again, is it the duty of the
Sheriff to select the newspaper to publish these
citations, or do the attorneys in the case have
the right to select  them?"

We have carefully considered Chapter 3, Title 42, Vernon's
Annotated Civil Statutes, and the Rules of Practice and Procedure
in Civil Actions promulgated by the Supreme Court of this State in
connection with your inquiry.  Many of the statutes contained in

Chapter 3, Title 42, Vernon's Annotated Civil Statutes, have been repealed or superseded by certain Rules of Practice and Procedure in civil actions, as promulgated by the Supreme Court of Texas. For the purposes of this opinion, we deem it unnecessary to quote any of these statutes or mention those that have been repealed or superseded by the Rules of Practice and Procedure in civil actions. In connection with your request, we direct your attention to the following Rules of Practice and Procedure in civil actions: Nos. 15, 101, 109, 110, 111, 112, 113, 114, 115, 116, and 117.

Rule 116 regarding service of citation by publication provides:

"The citation, when issued, shall be served by the sheriff or any constable of any county of the State of Texas by having the same published once each week for four (4) consecutive weeks, the first publication to be at least twenty-eight (28) days before the return day of the citation. In all suits which do not involve the title to land or the partition of real estate, such publication shall be made in the county where the suit is pending, if there be a newspaper published in said county, but if not, then in an adjoining county where a newspaper is published. In all suits which involve the title to land or partition of real estate, such publication shall be made in the county where the land, or a portion thereof, is situated, if there be a newspaper in such county, but if not, then in an adjoining county to the county where the land or a part thereof is situated, where a newspaper is published."

Rule 117 regarding the return of citation by publication provides:

"The return of the officer executing such citation shall be indorsed or attached to the same, and show how and when the citation was executed, specifying the dates of such publication, be signed by him officially and shall be accompanied by a printed copy of such publication."

We have failed to find any case or cases by the appellate courts of this State passing upon a question either identical or similar with the questions presented in your inquiry, under Chapter 3, Title 42, Vernon's Annotated Civil Statutes, or the Rules of Practice and Procedure in Civil Actions as promulgated by the Supreme Court of this State.

Generally speaking, the statutes or rules authorizing citation by publication are strictlyconstrued, since authority for citation by publication comes solely from statutes and rules promulgated by the Supreme Court and in cases falling within the provisions of the statutes or rules there must be a strict compliance with every essential requirement in respect to service. (See State v. Bagby's Estate, 126 S.W. (2d) 687)

The foregoing statutes and rules do not specifically provide whether the sheriff or the attorneys in civil cases may choose the newspaper in which the publication of the citation is made. However, as Rule 116, supra, requires the citation, when issued, to be served by the sheriff or any constable of any county of the State by having the same published, etc., in accordance therewith and as Rule 115, supra, requires the officer executing such citation to show how and when the citation was executed by specifying the date of such publication to be signed by the officer executing the same officially, etc., it is our opinion that the sheriff or any constable executing the citation may publish such citation in any newspaper of his choice, provided, of course, such citation or citations must be published in such paper or papers in compliance with the foregoing statutes and rules. Stated another way, provided such papers are situated in the county where the suit is pending or in suits where the title to land or partition of real estate is involved such publication must be made in the county where the land, or portion thereof, is situated, if there be a newspaper in such county, but if not, then in an adjoining county to the county where the land or a part thereof is situated, where a newspaper is published.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   s/Ardell Williams
     Ardell Williams
     Assistant

AW:EP:wc

APPROVED DEC 9, 1945
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman